UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                             Criminal Action No.
                                                            13-cr-20217

v.

                                                           HON. MARK A. GOLDSMITH

LEDONTE STITT,

                    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO OBTAIN
SENTENCING AND PLEA AGREEMENT TRANSCRIPTS FREE OF COST AND
PETITION TO FILE DELAYED NOTICE OF APPEAL  (Dkt. 10)**

Defendant Ledonte Stitt pled guilty on April 29, 2013 to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Defendant's plea was entered pursuant to the terms of a signed Rule 11 plea agreement, which contained the following "Appeal Waiver":

> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his conviction or sentence on any grounds.  If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence but retains its right to appeal any sentence below that range.
>         Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions.  As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding including — but not limited to — any proceeding under 28 U.S.C. § 2255.

Plea Agreement at 8-9 (Dkt. 8).

On September 17, 2013, the Court sentenced Defendant to 66 months imprisonment, which was within the range requested by Defendant under the plea agreement.  See id. at 3

1

("Defendant recommends that the court determine that his guideline range is 57-71 months"); see also Judgment (Dkt. 9).

Defendant subsequently filed the instant motion, requesting a free copy of the transcripts from his plea hearing and sentencing.  Def. Mot. to Obtain Sentencing and Plea Agreement Trs. (Dkt. 10).  Defendant asserts that, "during his sentencing hearing and after the term of 66 months of imprisonment was given to [him], [he] instructed counsel to file an [sic] notice of appeal and [he] asserts that counsel was obligated to file the notice according to the Supreme Court ruling in" Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  Id. at 1-2.  Defendant claims that his request to file an appeal can be "verified" by reviewing the transcript of his sentencing hearing. Id. at 2.  Therefore, Defendant requests that the Court provide him with a free copy of this transcript.  He also requests a free copy of the transcript of his plea hearing, and to allow him to "file an [sic] delayed notice of appeal based on counsel's error."  Id.

An indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances.  See 28 U.S.C. § 753(f); see also 28 U.S.C. § 2250.  Pursuant to 28 U.S.C. § 753(f):

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Similarly, 28 U.S.C. § 2250 provides, as follows:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in

forma pauperis, the clerk of any court of the United States shall
furnish to the petitioner without cost certified copies of such
documents or parts of the record on file in his office as may be
required by order of the judge before whom the application is
pending.

To invoke these provisions, however, Defendant must have a substantive motion for
relief pending; no such motion exists here.  See Corrigan v. Thomas, 55 F. App'x 754, 756 (6th
Cir. 2003) ("[F]ederal prisoners are not entitled to obtain a transcript . . . at government expense
under 28 U.S.C. § 753(f) for the purpose of preparing a motion to vacate when there was no
motion to vacate sentence pending." (citing Ketcherside v. United States, 317 F.2d 807, 808 (6th
Cir. 1963) ("[N]either Section 1915 nor Section 753(f) authorizes the furnishing of a transcript
where there is no motion to vacate sentence pending in the District Court."))); see also United
States v. Wheeler, No. 06-21, 2012 WL 169987, at *1 (E.D. Ky. Jan. 19, 2012) (collecting cases,
and concluding that "[t]o invoke either § 2250 or § 753(f), Wheeler must have a motion for relief
pending" (emphasis in original)); United States v. Soler-Norona, No. 08-20669-4, 2014 WL
3689644, at *10 (E.D. Mich. July 23, 2014) ("[A]ny request for a free transcript prior to the
filing of a § 2255 motion is premature and will be denied."); Silvers v. United States, No. 09-
134, 2010 WL 1491955, at *2 (E.D. Tenn. Apr. 14, 2010) ("A transcript may be furnished to a
federal prisoner at government expense under 28 U.S.C. § 753(f), but only after the § 2255
motion has been filed and the Court determines a transcript is necessary to decide a nonfrivolous
issued raised in the § 2255 motion."); United States v. Ortega, 536 F. App'x 335 (4th Cir. 2013).

Further, although Defendant claims in conclusory fashion that he needs the transcript of
his sentencing hearing to "verif[y]" that he requested that his counsel file an appeal, Defendant
fails to specifically allege that any such request was made on the record, and thus would be
reflected in the transcript.  See United States v. MacCollom, 426 U.S. 317, 327 (1976) ("Since

any discussion [the defendant] may have had with his trial counsel as to the desirability of appeal would not normally appear in the transcript of proceedings at trial, the furnishing of such transcript would not have aided him in refreshing his recollection of such discussions.").[1]  In addition, Defendant does not explain why the transcript is "needed to decide the issue"; in other words, he does not set forth why evidence of the request could not be obtained via other means, such as an affidavit from his former counsel setting forth when the request was made, what was said, and the bases for the request.  Cf. Amadasu v. Mercy Franciscan Hosp., 515 F.3d 528, 530 (6th Cir. 2008) ("Conclusory allegations in support of a request for free transcripts do not satisfy" section 753(f).).  And Defendant does not provide any explanation for his request for the transcript of his plea hearing, in addition to the sentencing transcript.  Therefore, even if a substantive motion for relief did not need to be filed prior to filing a motion for free transcripts, Defendant has not satisfied his burden of showing a need for the transcripts at this time.[2]

Accordingly, Defendant's motion for free transcripts is denied without prejudice.  If Defendant is interested in receiving specific transcripts or documents at his own expense before

---

[1] Furthermore, out of an abundance of caution, the Court has reviewed the rough transcript of Defendant's sentencing.  No request to file an appeal is reflected in the transcript.

[2] Defendant cites Jones v. Superintendent, Virginia State Farm, 460 F.2d 150 (4th Cir. 1972), in support of his claim that he may receive the transcripts free of cost.  But the Fourth Circuit held in that case that the state could constitutionally refuse to furnish a transcript to the petitioner until a need for it was shown.  Therefore, Jones undermines, rather than helps, Defendant's request.  See also MacCollom, 426 U.S. at 323-327.  Indeed, even Defendant concedes that a transcript need not be provided free of cost unless it is necessary to decide the issue(s) presented by a petition.  Def. Mot. at 1.  As described above, however, Defendant fails to explain why his petition may not be framed and decided — as opposed to just "verified" — without the transcript.

filing further motion(s), he may re-request them in writing pursuant to Eastern District of Michigan Local Rule 80.1.[3]

The Court further denies without prejudice Defendant's barebones "petition" to file a "delayed" notice of appeal. Def. Mot. at 2. Defendant has not set forth what he believes are the non-frivolous bases for appeal, particularly given the appeal waiver in his Rule 11 plea agreement. In addition, as described above, Defendant provides no evidence that he actually requested that his counsel file an appeal, other than his unverified motion requesting free transcripts. To that end, Defendant provides no particulars about his purported request other than that it was made "during his sentencing hearing." Id. at 1. Lastly, and perhaps most notably, Defendant has not explained why he waited over a year after the judgment was entered before filing this request. Therefore, at this time, Defendant has not set forth a sufficient basis for the relief he seeks.

Accordingly, the Court denies Defendant's motion (Dkt. 10).

SO ORDERED.


                                          s/Mark A. Goldsmith
Dated: November 7, 2014                   MARK A. GOLDSMITH
       Detroit, Michigan                  UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2014.

                                          s/Johnetta M. Curry-Williams
                                          JOHNETTA M. CURRY-WILLIAMS
                                          CASE MANAGER

---

[3] This Opinion and Order should not be interpreted as providing any decision on the merits or procedural permissibility of any substantive motion Defendant may be intending to file.